THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VICTOR WASHINGTON,

    Plaintiff,

v.

STARBUCKS CORPORATION,

    Defendant.

Case No. C08-1144-JCC

STIPULATED PROTECTIVE ORDER

The parties, through counsel, stipulate as follows:

1. This Stipulated Protective Order shall govern the use of all documents and information produced by the parties to this litigation, or any third-party discovery respondent, whether produced pursuant to discovery request, subpoena, or agreement, as well as all deposition transcripts and exhibits, and any copies, excerpts, summaries, or portions of court papers that quote from any of the foregoing (collectively, "Confidential Information").

2. The following information shall be deemed to be confidential:

    a. The plaintiff's medical records, financial records, and social security number; and

    b. Other information of a similarly personal or confidential nature including sensitive proprietary information. A party may designate as "Confidential" only that

STIPULATED PROTECTIVE ORDER - 1

information to which it reasonably believes it is entitled to a protective order under FRCP 26(c).

3. If a party challenges the confidential designation of any document or thing, it shall so notify the other party in writing and provide that party ten (10) calendar days in which to move the Court for an order preventing or limiting disclosure. The document or thing shall be maintained as "Confidential Information" as defined by this Stipulated Protective Order during the pendency of any such motion. The burden of demonstrating any specific information or document is confidential is on the party claiming its confidentiality, even if the objecting party files a motion to challenge the designation of confidentiality. The parties agree that before seeking any relief from the Court under this paragraph they will make a good faith effort to resolve any disputes concerning the treatment of any Confidential Information.

4. In accordance with this Stipulation, all Confidential Information produced in this litigation shall be used solely for the purpose of conducting this litigation.

5. Information shall be designated "Confidential" as follows:

    a. <u>Documents</u>. Designation shall be made prior to production by stamping or writing the word "Confidential" on each page of any such document or, where appropriate, on the first page of an identifiable group of documents. Documents shall be stamped in such a location so as not to interfere with the text of the document and in a location where the stamp can be easily redacted if such document is to be used as an exhibit at trial.

    b. <u>Answers to requests for admissions or interrogatories</u>. Designation shall be made by stamping or writing the word "Confidential" on or near the relevant portion of any such answer.

    c. <u>Deposition transcripts</u>. Designation of Confidential Information in deposition transcripts must be agreed upon by both parties. Designation

of Confidential Information shall be made by a statement on the record during the course of the deposition or by written notice within twenty (20) days after receipt of the transcript.

6. Except as set forth above, or with prior written consent of the producing party, no Confidential Information produced in this litigation, or information contained in or derived from such Confidential Information, may be disclosed to any person other than:

    a. Named parties to the litigation;

    b. Counsel for any party in this litigation;

    c. Persons regularly employed or associated with the counsel of record in this litigation, when the assistance of such persons is reasonably required in connection with this litigation;

    d. Expert witnesses, consultants, and investigators retained by any party in connection with this litigation, to the extent that such disclosure is reasonably necessary in connection with this litigation;

    e. Potential witnesses and deponents to whom counsel, in good faith, believe disclosure is reasonably required to assist them in the preparation or conduct of this litigation;

    f. Any person who is familiar with such information from some context other than the litigation itself;

    g. The Court; and

    h. The Jury.

7. Should any party to this litigation inadvertently produce or disclose to another party any Confidential Information not designated as Confidential, the producing party shall immediately notify the recipient(s) and supply otherwise identical replacement information bearing the appropriate designation. The recipient(s) shall promptly return the original information and shall make all reasonable efforts to ensure that such information is treated in

accordance with the new designation.

8. Prior to disclosing any Confidential Information to any person listed in paragraphs 6(d) or (e) above, the person to whom the disclosure is made shall be shown a copy of this Agreement and shall agree in writing to comply with its terms, or shall agree orally on the record during deposition or trial, to be bound by the terms of this Stipulated Protective Order.

9. Any party asserting confidentiality of any information during a deposition shall seek agreement of the deponent on the record. If the deponent refuses to assent, disclosure of such information to the deponent during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the deponent shall be asked to sign the original deposition transcript in the presence of the court reporter, and no copy of the transcript or related exhibits shall be given to the deponent.

10. Upon completion of the litigation and if requested by the producing party the original and all copies of all Documents containing Confidential Information in the possession of the parties must be returned to their respective counsel or be destroyed.

11. Upon completion of the litigation, and subject to paragraph 12 of this Agreement, counsel for the parties reserve the right to retain all Documents, including Documents containing Confidential Information, for seven (7) years following the completion of litigation for the purpose of complying with applicable malpractice insurance. After that seven (7) year period has expired, and if requested by the producing party, the original and all copies of all Documents containing Confidential Information must be returned to counsel for the producing party or destroyed. The non-producing parties must provide to counsel for the producing party a certificate reflecting such disposition. The parties and their counsel will not be required to return any Document that was admitted into evidence at trial or that contains privileged communications or work product.

12. Prior to production, Defendant may designate Documents containing

particularly sensitive Confidential Information as "Highly Confidential." Upon completion of the litigation and if requested by Defendant the original and all copies of Documents designated as "Highly Confidential" shall be returned to Perkins Coie. Perkins Coie shall maintain the Highly Confidential Documents without cost to plaintiff's counsel for seven (7) years following the completion of the litigation. If during that seven (7) year period a malpractice claim or issue requires plaintiff counsel's access to such Highly Confidential Documents, Perkins Coie shall provide the documents within three days of receipt of written notice from plaintiff's counsel. There will be no cost to Plaintiff's counsel for the retrieval or delivery of the Highly Confidential Documents. The Highly Confidential Documents must be returned to Perkins Coie upon completion of plaintiff's counsel's need for such Documents related to plaintiff counsel's malpractice claim or issue.

13. Nothing in this Stipulated Protective Order restricts any of the parties from using or disclosing its own Confidential Information for any purpose. This Stipulated Protective Order also does not restrict the right of a party to use information that was lawfully in its possession or in the public domain before the date of entry of this Stipulated Protective Order for legitimate business purposes outside the scope of this litigation.

14. The terms of this Stipulation shall survive any settlement, discontinuance, dismissal, severance, judgment, or other disposition of this litigation, and the Court shall continue to retain jurisdiction to enforce the terms of this Stipulation.

DATED this _____ day of ____, 2009.

| PERKINS COIE LLP | FRANK FREED SUBIT & THOMAS, LLP |
|---|---|
| By_____<br>Jeffrey A. Hollingsworth, WSBA #11853<br>Chelsea D. Petersen, WSBA #33787<br>William B. Stafford, WSBA # 39849<br>Attorneys for Defendant | By: _____<br>Joyce L. Thomas, WSBA # 21727<br>Jillian M. Cutler, WSBA #39305<br>Attorneys for Plaintiff |

STIPULATED PROTECTIVE ORDER - 5

Notwithstanding the foregoing, the parties must comply with Local Rule W.D. Wash. CR 5(g) with regard to sealing confidential documents filed with the Court.

It is so ordered this 23rd of March, 2009.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER - 6

# CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2009, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Jeffrey A. Hollingsworth
> William B. Stafford
> Perkins Coie LLP
> 1201 Third Avenue, Suite 4800
> Seattle, WA 98101-3099
> Email: JHollingsworth@perkinscoie.com
> WStafford@perkinscoie.com

Dated: March 13, 2009        /s/ Jill Potter
                             JILL POTTER

STIPULATED PROTECTIVE ORDER - 7