The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTOR WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Defendant. | Case No. C08-1144 JCC<br><br>REPLY IN SUPPORT OF MOTION REGARDING ATTORNEY'S LIEN<br><br>**Note Date: July 10, 2009** |

Frank Freed Subit & Thomas LLP ("FFST" or "the firm") filed the pending Motion Regarding Attorney's Lien after learning that Defendant Starbucks Corporation ("Starbucks") transmitted a check for $120,000.00 in settlement funds directly to Plaintiff Victor Washington. The purpose of the motion was to ensure that the parties respected the firm's security interest in the settlement or underlying action as established by the May 7, 2009 Notice of Attorney Lien and the Amended Notice of Attorney Lien filed on June 1, 2009.

In his opposition to the Motion Regarding Attorney's Lien, Mr. Washington concedes that "[t]he law firm's claim of lien exists and will be respected by Washington and his counsel." Plaintiff's Opposition at 12. Mr. Washington further

REPLY IN SUPPORT OF MOTION
REGARDING ATTORNEY'S LIEN - 1
(Case No. C08-1144 JCC)

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711



concedes that if the Court grants Starbucks's motion to enforce the settlement agreement, the $31,683.96 in disputed funds should be placed in the registry of the Court until the rights to those funds have been adjudicated. *Id.* Accordingly, Mr. Washington and FFST agree on the appropriate procedure for handling the disputed funds should the settlement agreement be enforced. FFST and Mr. Washington further agree that if the Court denies Starbucks's motion to enforce the settlement agreement, and Mr. Washington does not cash the $120,000.00 check, no further action on the attorney lien will be required until the underlying litigation is resolved.

In his opposition to FFST's motion, Mr. Washington has also asserted a series of allegations about the nature of his fee agreement with the firm and the reasonableness of the legal fees he incurred. These allegations are entirely baseless and beyond the scope of the current motion.

FFST has always represented Mr. Washington exclusively on an hourly basis. This case is the second employment matter FFST has handled for Mr. Washington. *See* Declaration of Joyce L. Thomas (July 10, 2009) ("Thomas Dec.") at ¶ 2. Ms. Thomas and the firm first represented Mr. Washington in 2006 regarding his employment with a previous employer. All legal services Mr. Washington received in relation to that matter were billed on an hourly basis. *Id.*

Mr. Washington first consulted Ms. Thomas regarding his employment with Starbucks Corporation in January 2007. *Id.* at ¶ 3. Mr. Washington and Ms. Thomas entered into a Limited Duration Hourly Fee Agreement on May 17, 2007. *See* Exhibit B to Thomas Dec. Under that agreement, Ms. Thomas agreed to provide advice and counsel and to attempt to negotiate an acceptable transfer or separation package for

REPLY IN SUPPORT OF MOTION
REGARDING ATTORNEY'S LIEN - 2
(Case No. C08-1144 JCC)

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

Mr. Washington. Thomas Dec. at ¶¶ 4-5. Mr. Washington agreed to pay for these legal services on an hourly basis and to reimburse the firm for all costs incurred in the matter. *Id.* Ms. Thomas's billing rate at the time, as stated in the fee agreement, was $350 per hour. *Id.*

During the next year, Ms. Thomas worked to negotiate an acceptable resolution of Mr. Washington's claims against Starbucks. Thomas Dec. at ¶ 6. Those efforts were ultimately unsuccessful. *Id.* Mr. Washington decided to go forward with litigation and authorized FFST to file this action on his behalf. *Id.* at ¶ 7. The lawsuit was filed on July 31, 2008. *Id.* Ms. Thomas continued representing Mr. Washington in litigation on an hourly basis and billed Mr. Washington at her January 2007 hourly rate of $350 per hour for all of her legal services. *Id.* at ¶ 8. The fee arrangement between Mr. Washington and FFST remained unchanged from the time he first retained the firm in 2006 until he terminated the firm in May 2009.

Washington law did not require FFST to execute a second hourly fee agreement with Mr. Washington once litigation was filed. Indeed, the Rules of Professional Conduct do not require that hourly fee agreements be reduced to writing at all. *See* RPC 1.5 (requiring only contingent fee agreements to be in writing). At all times during the representation, including after litigation commenced, Mr. Washington knew FFST was representing him on an hourly basis. From January 2007 through June 2009, Mr. Washington received detailed monthly billing statements from the firm reflecting the attorney hours spent on his case and the amount of money he owed in attorney's fees and costs for the month. Thomas Dec. at ¶ 9 and Exhibit C thereto. Until he terminated the representation, Mr. Washington paid those hourly bills

REPLY IN SUPPORT OF MOTION
REGARDING ATTORNEY'S LIEN - 3
(Case No. C08-1144 JCC)

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

regularly and promptly without ever raising any questions or concerns regarding the fees he was charged or his ability to pay them. *Id.*

The billing records and payment history in this case conclusively demonstrate that FFST always represented Mr. Washington exclusively on an hourly basis. Between January 2007 and July 2008, FFST sent Mr. Washington invoices billing him for legal services on an hourly basis. *See* Exhibit C to Thomas Dec. at 1-39. After litigation was filed on July 31, 2008, the firm followed the exact same billing practice. From August 2008 through June 2009, the firm continued to send Mr. Washington monthly invoices billing him for legal services on an hourly basis. *Id.* at 40-75. Until he terminated the representation in May 2009, Mr. Washington paid part or all of those bills on a monthly basis. The fee arrangement between FFST and Mr. Washington never changed.

At no time did Joyce Thomas or any other attorney at FFST agree to represent Mr. Washington in this litigation on a contingent basis. *Id.* at ¶ 12. Mr. Washington's claim that FFST orally agreed to convert their agreement from an hourly fee to a contingent fee basis is simply untrue. *See* Opp. at 4. Mr. Washington has not produced a written contingent fee agreement because none exists. His claim that Ms. Thomas orally agreed to convert the representation to a contingent fee arrangement is in direct conflict with the Rules of Professional Conduct and the well-documented billing history in this case. RPC 1.5(c)(1) expressly states: "A contingent fee agreement shall be in a writing signed by the client." FFST has never entered into an oral contingent fee agreement with Mr. Washington or any other client. Thomas Dec. at ¶ 13. Furthermore, it defies logic to believe that FFST would bill Mr. Washington

REPLY IN SUPPORT OF MOTION
REGARDING ATTORNEY'S LIEN - 4
(Case No. C08-1144 JCC)

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

on an hourly basis for ten months after litigation was filed – and Mr. Washington would pay those hourly bills – if Ms. Thomas had, in fact, agreed to represent him on a contingent basis.

Finally, the legal fees Mr. Washington was charged for the professional services he received were wholly reasonable. The billing records submitted as Exhibit C to Ms. Thomas's declaration provide some evidence of the reasonableness of the fees. FFST is prepared to present a wealth of additional testimonial and documentary evidence to rebut Mr. Washington's claims regarding the reasonableness of his legal fees. But because that issue is beyond the scope of the current motion, and may implicate the attorney-client privilege, the firm will wait to present that evidence in an appropriate adjudication if the Court deems it necessary.[1]

## CONCLUSION

Mr. Washington has represented that he will respect FFST's attorney's lien. He has also conceded that if the Court grants Starbucks's Motion to Enforce the Settlement Agreement, the disputed funds claimed in the lien should be deposited into the registry of the Court until the rights to the $31,683.96 may be adjudicated. This issue is not in dispute. Therefore, if the Court grants Starbucks's Motion to Enforce the Settlement Agreement, FFST requests that the Court order the disputed funds be placed in the Court's registry until a procedure for adjudicating the lien is established by the Court.

---

[1] Mr. Washington and his counsel have made a series of statements regarding what occurred during the April 28, 2009 mediation in this matter. Undersigned counsel believe that the Rules of Professional Conduct preclude them from revealing information regarding the mediation and will not comment on these statements unless the Court directs them otherwise.

REPLY IN SUPPORT OF MOTION
REGARDING ATTORNEY'S LIEN - 5
(Case No. C08-1144 JCC)

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

RESPECTFULLY SUBMITTED this 10th day of July, 2009.

FRANK FREED SUBIT & THOMAS, LLP

By: _____
Joyce L. Thomas, WSBA # 21727
Jillian M. Cutler, WSBA #39305

REPLY IN SUPPORT OF MOTION
REGARDING ATTORNEY'S LIEN - 6
(Case No. C08-1144 JCC)

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711



## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2009, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Jeffrey A. Hollingsworth
>Chelsea D. Petersen
>William B. Stafford
>Perkins Coie LLP
>1201 Third Avenue, Suite 4800
>Seattle, WA  98101-3099
>Email: JHollingsworth@perkinscoie.com
>   WStafford@perkinscoie.com
>   CDPetersen@perkinscoie.com
>
>Margaret M. Boyle
>Themis Litigation Group
>1823 10th Ave W
>Seattle, WA  98119-2947
>Email:  margaret@tlgwa.com
>
>Michael R. Caryl
>18 W Mercer St Ste 400
>Seattle, WA  98119-3971
>Email:  michaelc@michaelcaryl.com

Dated:  July 10, 2009         /s/ Jill Potter
                              JILL POTTER

REPLY IN SUPPORT OF MOTION
REGARDING ATTORNEY'S LIEN - 7
(Case No.  C08-1144 JCC)

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

