Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTOR WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>STARBUCKS CORPORATION,<br><br>    Defendant. | C08-1144-JCC<br><br>**ORDER** |

This matter comes before the Court on Defendant's motion to enforce a settlement agreement (Dkt. No. 20), and Plaintiff's response and cross-motion to enforce his preferred interpretation of the same agreement. (Dkt. No. 27). Also before the Court is Defendant's reply (Dkt. No. 30), and the parties' supplemental briefing on a matter of law. (Dkt. Nos. 38 & 39). In addition to having reviewed the briefs, associated declarations and exhibits, the Court held an evidentiary hearing and considered oral argument on Thursday, October 1, 2009, at 9 a.m.

For the reasons explained below, the Court hereby GRANTS Defendant's motion, enforcing the settlement agreement in the amount of $120,000.

ORDER, C08-1144-JCC
Page 1

**I.  BACKGROUND**

The relevant facts for the purposes of this order occurred during an April 28, 2009 mediation between Plaintiff Victor Washington and Defendant Starbucks Corporation. The parties agree that they formed a binding agreement, whereby Plaintiff agreed to dismiss his employment-discrimination suit against Starbucks in exchange for a cash settlement. They disagree only on the size of the settlement. Starbucks alleges that the parties agreed to settle for $120,000. (Def. Mot. 1–3 (Dkt. No. 20)). Plaintiff claims that the settlement was for $140,000. (Pl. Opp'n 6 (Dkt. No. 27)).

Each party argues that the settlement term sheet, which both signed, supports its respective position. The term sheet includes eleven numbered paragraphs, two of which are relevant to this dispute. Paragraph Three recounts the lump sum Starbucks agreed to pay. It reads: "Starbucks agrees to pay Washington the total sum of One Hundred and Twenty Thousand Dollars ($120,000) and to pay the entire fee of the mediator in this matter[.]" Paragraph Four states that "[t]he parties agree that the payment will be characterized as compensation for emotional distress and attorney fees" and discusses tax consequences of the settlement. Directly beneath Paragraph Four is a hand-written notation which lies at the core of this dispute. The notation reads, "$20,000 — attys. fees." A copy of the term sheet is attached to this order.

Starbucks argues that the agreement is plain and unambiguous: "At the heart of the agreement, Washington agreed to dismiss with prejudice [his] lawsuit, in exchange for Starbucks' promise 'to pay Washington the *total sum* of One Hundred and Twenty Thousand Dollars.'" (Def. Mot. 2 (Dkt. No. 20) (emphasis in briefing)). In sum, Starbucks argues that Plaintiff agreed to settle the case for $120,000, and that this Court should hold him to his agreement.

Plaintiff alleges that when he was presented with the term sheet at issue in this case, he became emotional and told his attorney he would require at least an additional $20,000 to offset his legal expenses. (Washington Decl. 5 (Dkt. No. 28)). Plaintiff alleges that he then left the mediation and went

for a walk. He alleges that upon his return, he was presented with the same typewritten term sheet, but with the additional handwritten notation. Plaintiff alleges that he signed the term sheet because he understood that Starbucks had agreed to his demand, and promised to pay $140,000. (*Id.*).

Joyce Thomas represented Plaintiff at the mediation.[1] She testified at the evidentiary hearing, stating that Plaintiff had agreed to settle his claim for $120,000. Ms. Thomas explained that the parties negotiated from separate rooms, with the mediator shuttling messages back and forth. She testified that after a full day of settlement, Starbucks made a "final offer" of $120,000, and Plaintiff reluctantly agreed to settle for that amount. Ms. Thomas also explained that she made the notation at issue in this case to clarify which portion of the settlement was meant to be characterized as attorney fees and which part was meant to be characterized as compensation for emotional distress. Ms. Thomas also explained the meanings of two other hand-written notations on the term sheet. Directly above Paragraph Five is a notation which reads, "(8/31/06 – 5/12/08)." Ms. Thomas testified that she added that notation to clarify the contents of Paragraph Five, which references Plaintiff's dates of employment with Starbucks. She also explained a notation beside Paragraph Seven which lists the names of four individuals. Paragraph Seven contains a mutual non-disparagement agreement. Ms. Thomas explained that the notation identified the people with whom Plaintiff was free to discuss his experience at Starbucks. Ms. Thomas was emphatic that she made all the notations at Plaintiff's direction, in his presence, and only after consultation with him. Cross-examination failed to undermine her account.

## II. DISCUSSION

This Court has the inherent power to enforce a settlement agreement in a case pending before it. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). The parties agree that Plaintiff intended to waive his employment-discrimination claim, and that principles of state contract law govern this controversy.

---

[1] Ms. Thomas filed a motion to withdraw as counsel on May 6, 2009. The Court issued an order granting the motion on May 18, 2009. Margaret Boyle filed a notice of appearance on July 7, 2009. Ms. Boyle represented Plaintiff at the October 9, 2009, evidentiary hearing.

ORDER, C08-1144-JCC
Page 3

(Supp. Briefing (Dkt. Nos. 38 & 39)); *see Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1990) (holding that state law governs the interpretation of settlement agreements).

Washington courts apply the objective theory of contract, which "lays stress on the outward manifestation of assent made by each party to the other." *City of Everett v. Sumstad's Estate*, 631 P.2d 366, 367 (Wash. 1981). The subjective intention of the parties is irrelevant. *Id.* When interpreting a contract, Washington courts will consider factors beyond the four corners of a signed document. *See Berg v. Hudesman*, 801 P.2d 222, 229 (Wash. 1990). In addition to a contract's actual language, Washington courts consider "the subject matter and objective of the contract, all the circumstances surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of the respective interpretations advocated by the parties." *Tanner Elec. Co-op v. Puget Sound Power & Light Co.*, 911 P.2d 1301, 1310 (Wash. 1996). Courts consider all these factors from the standpoint of an objectively reasonable person. *Id.*

The Court concludes that Plaintiff manifested an objective intent to settle his claim for $120,000. Paragraph Three of the settlement agreement is relatively clear. It declares, without modification, that the "total sum" Plaintiff is to receive is $120,000. The circumstances surrounding the making of the contract reinforce the conclusion that Plaintiff manifested an intent to settle his claim for the total sum of $120,000. Plaintiff had ample opportunity to consult an attorney about the meaning of the term sheet, and his attorney clarified the terms in three paragraphs by adding hand-written notations right next to those paragraphs. His attorney did *not* add a notation next to Paragraph Three. If the agreement had really called for $140,000, an objectively reasonable person would have insisted that his attorney cross out $120,000 in Paragraph Three and write the larger sum in its place.

In its motion to enforce, Starbucks also asked the Court to order Plaintiff to pay the costs and attorney fees Starbucks incurred to enforce the settlement. (Def. Mot. 5–6 (Dkt. No. 20)). Starbucks neglected to raise the issue at oral argument. Plaintiff stated a colorable legal claim and his argument

does not rise to the level of being "incredible." *See Family Mortgage Corp. v. Greiner*, No. CV-94-5414, 2006 WL 1473043 *1 (N.D. Cal. 2006). The Court therefore declines to order Plaintiff to pay costs and fees.

### III. CONCLUSION

The Court hereby GRANTS Defendant's motion to enforce the settlement agreement in the amount of $120,000.

The Court also DISMISSES this case with prejudice, and DIRECTS the clerk to close the case.

DATED this 7th day of October, 2009.

JOHN C. COUGHENOUR
United States District Judge

SETTLEMENT TERM SHEET

Victor Washington ("Washington") and Starbucks Corporation ("Starbucks") agree as follows:

1. Washington agrees to dismiss with prejudice his lawsuit entitled Victor Washington v. Starbucks, USDC Western District of Washington No. C08-1144 (the "Lawsuit").

2. Washington agrees not to reapply for employment with Starbucks.

3. Starbucks agrees to pay Washington the total sum of One Hundred and Twenty Thousand Dollars ($120,000) and to pay the entire fee of the mediator in this matter, Stewart Cogan.

4. The parties agree that the payment will be characterized as compensation for emotional distress and attorneys' fees and that no withholding will be taken, with Washington to indemnify Starbucks with respect to any ensuing tax liability. $20,000.00 - attys. fees  (8/31/06 - 5/12/08)

5. Starbucks agrees to abide by its policy of providing only name, positions held, dates of employment and final salary in response to requests for references from potential employers of Washington.

6. The parties agree full mutual releases.

7. The parties agree to mutual nondisparagement with Washington to identify a reasonable number of individuals to be notified. — Jackson & Lofton; Boyl Mirth & Toth Berard

8. The parties agree to mutual confidentiality.

9. Confidential documents pursuant to protective order to be destroyed by Perkins Coie unless malpractice carrier objects.

10. Starbucks agrees not to oppose applications by Washington for unemployment compensation.

11. The agreement to provide that Starbucks admits no liability.

[signature] 28 April 09

[signature] 28 April 09

-1-

ORDER, C08-1144-JCC
Page 6